Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| SAMUAL J. EHLERS, | Case No. 2-20-bk-10363-MCW |
| and | **TRUSTEE'S RECOMMENDATION** |
| MARY A. EHLERS, | Deadline is January 15, 2021 |
| Debtors. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. The Trustee notes the following initial issues, which must be resolved before recommending confirmation of the Plan:

(1) Canvas Credit Union has filed an objection to the Plan. The attorney for the Debtor(s) must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

(2) The priority proof of claim filed by Arizona Department of Revenue is higher than the amount provided for in the Plan. Unless the Debtors object to the higher priority amount, the

proposed Stipulated Order Confirming Plan shall provide for the full amount of the priority proof of claim.

(3) Once the above issues are resolved, the Trustee will review plan funding. The Trustee notes that additional plan yield may be required.

(4) Other requirements:

(A) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(B) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(C) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(D) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(E) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(F) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

- 2 -

**(G) The order confirming plan to state: Within 14 days of filing them, the Debtors shall provide a copy of their 2020-2023 federal and state income tax returns, including all attachments, forms, schedules and statements, to their attorney. Debtors' attorney is to promptly provide the returns to the Trustee through the website www.13documents.com.**

(H) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(I) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(J) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

PLAN PAYMENT STATUS: The Debtors' interim payments of $582.00, each are delinquent in the amount of $582.00, with an additional payment of $582.00, coming due on January 15, 2021. Subsequent payments are due each following month. The Trustee reminds the Debtors that they may access case information from the Trustee's office, such as plan payments received, by going to www.ndc.org. Then, click the box that says Get Started. It's Free!' and follow the instructions.

SUMMARY: Pursuant to Local Rule 2084-10(b), by January 15, 2021, Debtors are to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Copy mailed or emailed to:

SAMUAL J. EHLERS
MARY A. EHLERS
7400 WEST ARROWHEAD CLUBHOUSE DRIVE
APT 1042
GLENDALE, AZ 85308

PHOENIX FRESH START
THOMAS ADAMS MCAVITY
4131 MAIN STREET
SKOKIE, IL 60076-2780
TOM@NWRELIEF.COM