SO ORDERED.

Dated: May 5, 2021



*Madeleine C. Wanslee*
**Madeleine C. Wanslee, Bankruptcy Judge**

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re | CHAPTER 13 |
|---|---|
| SAMUAL J. EHLERS, | |
| and | CASE NO. 2-20-BK-10363-MCW |
| MARY A. EHLERS, | **STIPULATED ORDER CONFIRMING AMENDED CHAPTER 13 PLAN** |
| Debtors. | |

The Amended Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Amended Plan of the Debtors as follows:

**(A) INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-4 | $582.00 |
| 5-36 | $347.00 |

- 1 -

In re: Ehlers
Case No. 2-20-BK-10363-MCW

The payments are due on or before the 14th day of each month commencing October 14, 2020. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

Within 14 days of filing them, the Debtors will provide a copy of the 2021 through 2022 federal and state income tax returns to their attorney, who is to provide the returns to the Trustee through www.13documents.com.

(2) Other Property. Debtors remitted their non-exempt 2020 Federal Tax refund as a supplemental plan payment. The 2020 federal tax refund will be disbursed for the benefit of unsecured priority claims and then to unsecured non-priority claims. In the event that other property is submitted, it shall be treated as supplemental payments

(B) **DURATION.** This Plan shall continue for 36 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative expenses:</u>

<u>Attorney Fees.</u> Tom McAvity, shall be allowed total compensation of $4,500.00. Counsel received $16.00 prior to filing this case and will be paid $4,484.00 by the Chapter 13 Trustee.

- 2 -

In re: Ehlers
Case No. 2-20-BK-10363-MCW

(2) Claims Secured by Real Property:

   (a) None.

(3) Claims Secured by Personal Property:

   (a) None.

(4) Unsecured Priority Claims:

   (a) Arizona Department of Revenue shall be paid an unsecured priority claim of $190.95 with no interest for income taxes.

(5) Surrendered Property:

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

   (a) The Debtors will surrender the 2019 Chevrolet Cruze in which Canvas Credit Union has a security interest.

(6) Other Provisions: The Debtors assume the cell phone lease with AT&T.

(7) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

- 3 -

In re: Ehlers
Case No. 2-20-BK-10363-MCW

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____
Russell Brown, Trustee


_____
Tom McAvity
Attorney for Debtors


_____ 3/25/2021
Patricia Doyle-Kossick
Attorney for Canvas Credit Union


The Debtors certify: All required State and Federal Income tax returns have been filed No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

- 4 -

In re: Ehlers
Case No. 2-20-BK-10363-MCW

_____
SAMUAL J. EHLERS, Debtor


_____
MARY A. EHLERS, Debtor

- 5 -

In re: Ehlers
Case No. 2-20-BK-10363-MCW